# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| LINDSEY ROTHROCK, individually, and as Next Friend of GRACE ROTHROCK AND JOLEE ROTHROCK, <br><br> Plaintiff, <br><br> v. <br><br> CAPTIAL LOGISTICS, LLC, and ALLIED WORLD ASSURANCE CO., <br><br> Defendants. | Case No. 6:20-cv-03225-MDH |

## ORDER

Before the Court is Plaintiff's Motion to Remand. (Doc. 11). For the reasons discussed below, the Motion is **GRANTED**. The case is remanded to the Circuit Court of Greene County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Greene County, Missouri, as required by 28 U.S.C. § 1447(c).

## BACKGROUND

This case arises out of the death of Scott Rothrock, who was killed in a crash involving a tractor trailer. Plaintiff seeks recovery for the wrongful death from Defendant Capital Logistics, LLC ("Capital Logistics"). Plaintiff originally sued Capital Logistics (the load broker), as well as Scott Hines (the driver) and On Track Transport (the trucking company). The claims against Hines and On Track Transport have been resolved.

This is the second attempted removal of this case. In the initial state court case, Capital Logistics did not remove the case before the 30-day time limit for it to remove had passed. Later, the Cincinnati Insurance Company ("Cincinnati Insurance") intervened pursuant to Mo. Rev. Stat.

1

§ 537.065. Cincinnati Insurance provides the first layer of coverage to Capital Logistics. Capital Logistics and Cincinnati Insurance jointly removed the case to federal court pursuant to complete diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Cincinnati Insurance contended that it was able to remove the case within 30 days from its own intervention, essentially restarting the time limit as its new status as a defendant in the case.

The Western District, the Honorable Judge Bough presiding, considered whether an intervening insurer for the only true defendant (Capital Logistics) can remove a case to federal court. *Rothrock v. Capital Logistics, LLC*, Case No. 6:20-cv-03113-SRB (W.D. Mo. Aug. 19, 2020). The Court ruled that an insurer who intervenes, as Cincinnati Insurance did, is not a "defendant" as that term is used in the removal statutes, and thus the removal by Cincinnati Insurance was wrongful and required remand. *Id*. at 10.

Here, Defendant Allied World Assurance Company ("Allied World") also intervened in the state court case pursuant Mo. Rev. Stat. § 537.065. Allied World then removed this case pursuant to diversity jurisdiction under 28 U.S.C. § 1446. Allied World is an excess insurer of Capital Logistics. Allied World likewise argues that it is a proper party to remove as an intervening insurer, pursuant to its intervention in state court under Mo. Rev. Stat. § 537.065.

**STANDARD**

Defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). A plaintiff may challenge removal by filing a motion to remand. *See* 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing subject-matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Under 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different states[.]" "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant." 28 U.S.C. § 1446(b). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted). This Court must resolve jurisdictional issues prior to resolving any other pending motions. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94–95 (1998) (noting "the requirement that jurisdiction be established as a threshold matter"). Thus, Allied World's Motion to Dismiss (Doc. 10) is secondary to the initial determination of jurisdiction.

## DISCUSSION

Plaintiff argues that the removal at hand mirrors exactly the previous attempted removal by Cincinnati Insurance, and this Court has already ruled that removal by an insurer who intervenes in a state court proceeding under Mo. Rev. Stat. § 537.065 is not a proper party to remove. Allied World does not appear to argue that it or its removal here is distinguishable at all from that of Cincinnati Insurance's removal, but rather seems to argue that the Court's previous ruling was incorrect. The Court finds that the previous ruling barring removal in this case does indeed directly apply to Allied World's removal, and thus the removal is not proper. The analysis the governed the previous Court's ruling is reiterated herein.

Given Capital Logistics' admission that its own removal is untimely, removal in this case is procedurally defective unless Allied World is deemed a true "defendant" with the ability to remove the case within 30 days of the state court's grant of its motion to intervene. *See Arrow Fin. Servs., LLC v. Williams*, No. 10-3416-cv-s-SW, 2011 WL 9158435, at *2 (W.D. Mo. Jan. 20, 2011). Plaintiff argues that Allied World is not a true defendant under federal law and is thus

3

unable to stand in the place of its insured Capital Logistics for removal. Allied World makes the same argument made by Cincinnati Insurance in the previous removal attempt—namely that since Allied World was allowed to intervene in the state court proceeding under Mo. Rev. Stat. § 537.065, it is a full-fledged party capable of independently establishing federal jurisdiction and removing the case to federal court.

In 2017, the Missouri legislature amended § 537.065 and added the following paragraph:

> 2. Before a judgment may be entered against any tortfeasor after such tortfeasor has entered into a contract under this section, the insurer or insurers shall be provided with written notice of the execution of the contract and shall have thirty days after receipt of such notice to intervene as a matter of right in any pending lawsuit involving the claim for damages.

*See* H.B. 339 & 714, 99th Leg., Reg. Sess. (Mo. 2017). The Court's previous decision on Cincinnati Insurance's attempted removal correctly found that the intervening insurer does not gain additional rights beyond those specified in § 565.065. *Rothrock*, Case. No. 6:20-cv-03113-SRB, at 6 (citing *Aguilar v. GEICO Casualty Co.*, 588 S.W.3d 195, 199 (Mo. App. W.D. 2019); *Britt v. Otto*, 577 S.W.3d 133 (Mo. App. W.D. 2019)). The Missouri Court of Appeals decision in *Aguilar*, as cited by this Court in the previous decision, provides a helpful summary of an insurance company's rights after intervention:

> The company claims that *Allen v. Bryers*, 512 S.W.3d 17 (Mo. banc 2016), *as modified* (Apr. 4, 2017), *cert. denied, Atain Specialty Ins. Co. v. Bryers,* —— U.S. ——, 138 S. Ct. 212, 199 L.Ed.2d 118 (2017), and the 2017 amendment of section 537.065 give insurers an unconditional right to intervene in an underlying lawsuit and, in fact, abrogated settled law that an insurer's potential indemnification of a judgment does not satisfy the direct-interest requirement to intervene as a matter of right. This claim was raised, and this Court rejected it, in *Britt*:
>
>> American Family argues that by recognizing a right to appeal the denial of the motion to intervene, the Supreme Court [in *Allen*] necessarily implied that the appeal would have had merit, and thus implicitly overruled the settled principle that an insurer's interest in an action between its insured and a third party is not sufficiently direct to satisfy the first requirement for intervention set forth in

4

> Rule 52.12(a)(2). This is a strained and unsupportable interpretation of *Allen*. *Allen* did not need to address the merit of the insurer's argument that it was entitled to intervene in the underlying tort action because the insurer waived its right to challenge the denial of its motion to intervene. *Allen* cannot be read to have overruled, *sub silentio*, the settled principle that an insurer's interest in an action between its insured and an injured third party is not sufficient to support intervention as a matter of right pursuant to Rule 52.12(a)(2).
>
> *Britt,* 577 S.W.3d at 143. GEICO's motions to intervene in the action between Mr. Aguilar and Ms. Hollandsworth to confirm the arbitration award, filed more than thirty days after it received notice of their section 537.065 contract, were untimely. Nor did it have a direct interest in that action to support intervention as of right under Rule 52.12(a)(2). We find it unnecessary to address the second and third parts of this point, given GEICO's lack of a direct interest in the confirmation proceeding. *See BMO Harris Bank v. Hawes Trust Invs., LLC*, 492 S.W.3d 607, 618 (Mo. App. W.D. 2016) (stating that a motion to intervene as a matter of right "may be denied if any one of the requirements is not met." (citation omitted)). **Nevertheless, to the extent that GEICO suggests that it would have had the right to litigate coverage issues in the confirmation proceeding, we agree with Mr. Aguilar that the appropriate forum for that dispute at this point is the pending garnishment action**. *See Augspurger v. MFA Oil Co.*, 940 S.W.2d 934, 937 (Mo. App. W.D. 1997) ("It is when a claim for potential indemnity becomes a demand for actual indemnity that the insurer acquires the requisite interest to intervene as of right."). To the extent that GEICO claims it should have been able to litigate "any of the purported findings of fact and conclusions of law in the Arbitration Award absent the Trial Court's Judgment and denial of the Motions to Intervene being vacated and GEICO being permitted to intervene to challenge the Arbitration Award," **we would note that it had every opportunity to enter a defense of Ms. Hollandsworth without reservation and thus to litigate such matters, but chose not to do so**. This point is denied.

*Aguilar*, 588 S.W.3d at 200–01 (emphasis added). Thus, as this Court has already concluded, an intervening insurer's (here, Allied World) contention that it became a proper defendant for purposes of removal by intervening pursuant to § 537.065 is not supported by Missouri caselaw.

This Court additionally concluded previously that such an intervening insurer is a nominal party, or, a defendant "against whom no real relief is sought." *Rothrock*, Case. No. 6:20-cv-03113-SRB, at 7-10. *See Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002). Accordingly, an insurer of this nature is without standing to remove the case to federal court.

5

*Rothrock*, Case. No. 6:20-cv-03113-SRB, at 9. Importantly, a party who has not been sued by the original plaintiff is not considered to be a proper "defendant" under federal law. *See First National Bank of Pulaski v. Curry*, 301 F.3d 456 (6th Cir. 2002); *Arrow Fin. Serv.*, 2011 WL 9158535. Thus, a party is not a "defendant" under 28 U.S.C. § 1441(a) for removal purposes unless they have had a claim brought against them by the original plaintiffs. *First National Bank of Pulaski*, 301 F.3d at 462-63. It is uncontested that Plaintiff did not bring any claims against Allied World. As this Court previously found, an insurer (here, Allied World) is merely indemnifying and defending Capital Logistics and is thus a nominal party not entitled to remove. *Rothrock*, Case No. 6:20-cv-03113-SRB, at 10 (citing *Midwestern Indem. Co. v. Brooks*, 779 F.3d 540, 544 (8th Cir. 2015).

Given that Allied World does not suggest that it, as a party, is materially different from Cincinnati Insurance, the Court's previous ruling squarely provides that Allied World's presence in the case may be ignored for purposes of removal. Given Capital Logistics' concession that its removal would be untimely, removal is improper here. *See* 28 U.S.C. § 1446(b); *Williams v. Safeco Ins. Co. of Am.*, 74 F.Supp.2d 925, 928 (W.D. Mo. 1999) ("Any technical defect in the removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal.").

## CONCLUSION

For the reasons set forth herein, the Court **GRANTS** Plaintiff's Motion for Remand (Doc. 11). The case is remanded to the Circuit Curt of Greene County, Missouri. The Clerk of the Court is directed to mail a certified copy of the Order to the Clerk of the Circuit Court of Greene County, Missouri, as required by 28 U.S.C. § 1447(c). Defendant Allied World Assurance Company's Motion to Dismiss (Doc. 10) is thus denied without prejudice.

**IT IS SO ORDERED.**

Dated: September 15, 2020	  /s/ Douglas Harpool
	**DOUGLAS HARPOOL**
	**United States District Judge**